### MULOCK *v.* BYRNE.

*(Supreme Court, General Term, First Department. January 16, 1891.)*

DISCHARGE IN BANKRUPTCY—FRAUDULENT DEBTS.

　　A judgment recovered on a promissory note is not excepted from the operation of a discharge in bankruptcy, under Rev. St. U. S. § 5117, as a "debt created by the fraud or embezzlement of the bankrupt, or by his defalcation * * * while acting in any fiduciary character," although the note was given for money received by him in a fiduciary character, and embezzled by him; by suing on the note the fraud is waived, and the debt is merged in the judgment.

Appeal from special term, New York county.

Motion by James A. Byrne for an injunction to stay proceedings on a judgment obtained against him by Maria Mulock, on the ground of his discharge in bankruptcy. The judgment creditor opposed the motion on the ground that the debt for which the judgment was recovered was created by the defalcation of the defendant in a fiduciary capacity. The defendant replied that the judgment was recovered on a note given by him for the alleged deficiency, and that the fraud, if any, was merged in the note, and the objection, therefore, was inapplicable. There was a judgment in favor of the defendant, and the plaintiff (judgment creditor) appeals. Rev. St. U. S. § 5117, provides that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation * * * while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*A. C. Fransioli,* for appellant. *S. J. Crooks,* for respondent.

PER CURIAM. It is claimed upon the part of the appellant, who is the assignee of the judgment owned by her, that the injunction should not be granted, upon the ground that the judgment was entered for money received by the defendant in a fiduciary capacity, and embezzled by him. It appears from the judgment roll that the judgment was entered upon a promissory note, and whatever may have been the consideration for this promissory note is entirely immaterial, because, if there had been any fraud, out of which this consideration arose, by suing upon the note simply, the fraud was waived,

and only the debt remained. And this debt, having become merged in the judgment, comes within the operative force of the bankruptcy discharge. The order should be affirmed, with $10 costs and disbursements.